```
                    IN THE UNITED STATES DISTRICT COURT
                 FOR THE EASTERN DISTRICT OF PENNSYLVANIA


WARREN F. ARSAD,                 :       CIVIL ACTION
                                 :       NO. 07-1952
        Plaintiff,               :
                                 :
             v.                  :
                                 :
                                 :
LEON KING,                       :
                                 :
        Defendant.               :
```

**O R D E R**

**AND NOW**, this **25th** day of **November 2008**, upon consideration of the Report and Recommendation of United States Magistrate Judge Henry S. Perkin (doc. no. 69), Petitioner's objections thereto (doc. nos. 76, 77, 78, 79), and Respondent's response to petitioner's objections (doc. no. 100), it is hereby **ORDERED** as follows:

    1.   The Report and Recommendation is **APPROVED** and **ADOPTED**;[1]

---

[1] A recount of the procedural history of Petitioner's habeas petition is summarized as follows.

    Petitioner pleaded guilty in the Court of Common Pleas of Philadelphia County to two separate offenses: (1) forgery and theft by fraud and deception, in conjunction with blank check forgery; and (2) attempted theft by deception, in conjunction with Petitioner's attempt to defraud HSBC Bank.  In a consolidated proceeding, Petitioner was sentenced to eleven and one-half to twenty-three months of incarceration, plus a five year consecutive term of reporting probation.  On March 23, 2001, Petitioner filed a motion for reconsideration of sentence in both cases, claiming that the sentencing court had incorrectly calculated his offense gravity score for sentencing guidelines purposes.  After a hearing on the motion, the sentencing court

maintained that the offense gravity score was properly calculated, vacated Petitioner's original sentence, and increased his sentence, noting that Petitioner attempted to deceive the court.  Petitioner filed a timely appeal to the Pennsylvania Superior Court, requesting that the court reinstate the original sentence.  Because the sentencing court did not advance a legally sufficient reason to impose a greater sentence, the Pennsylvania Superior Court reinstated Petitioner's original sentence.

After his release from prison in November of 2002 and while on probation, Petitioner was arrested on December 31, 2004, on charges alleging possession of an unlicensed handgun on the street, possession of a firearm with the manufacturer number altered, making terroristic threats, recklessly endangering other people, and possession of marijuana.  Upon his arrest, Petitioner posted bail and was released the next day.  Petitioner violated bail by failure to appear in court for a scheduled hearing, and a warrant was issued for his arrest.  This arrest triggered a violation of probation ("VOP") for his previous fraud and theft convictions.  After a Gagnon I hearing, probable cause was found to detain Petitioner based upon the instant arrest.

Petitioner was detained pending disposition of his VOP proceedings until September 11, 2007.  On this date, the original sentencing court held a revocation proceeding on the VOP and found Petitioner guilty of technical violations of his probation for failing to report, failing to pay restitution, and changing his home address without notifying his probation officer.  Petitioner was sentenced to two and one half to five years incarceration, and five years of probation.  The Commonwealth filed a motion for reconsideration of the VOP sentence.  In consideration of this motion, the sentencing court vacated the probation sentence and instead imposed two consecutive sentences of two and one-half to five years incarceration for theft by deception and five months and twenty-nine days incarceration for contempt of court following the VOP sentencing hearing.

Petitioner filed the instant habeas petition on April 30, 2007.  Petitioner contends that he is being held in prison without cause, that Judge Means has been vindictive, that his "civil, human, and ethical rights [against] cruel and excessive punishment" have been denied, and that he has been deprived on Gagnon I and Gagnon II hearings.

In a well reasoned report and recommendation, adequately supported by the record, Magistrate Judge Perkin reviewed and denied each of Petitioner's arguments in turn (doc. no. 69).  Since the issuance of this report, Petitioner has

2

bombarded the Court with multiple objections and communications. (Doc. nos. 76, 77, 78, 79). The Court will not be overwhelmed or paralyzed by Petitioner's prolific filing antics. Accordingly, the Court will not review ad seriatim each paragraph of Petitioner's objections. Rather, the Court will address the merits of the objections categorically.

First, Petitioner argues the Judge Perkin failed to address his Motion for Judge Means' recusal. (Doc. no. 76) Petitioner contends that Judge Means is biased against him because Petitioner submitted information to the <u>Philadelphia Inquirer</u>, <u>Daily News</u>, and the Internal Revenue Service that Judge Means was guilty of tax evasion for illegal rooming homes in Philadelphia. Contrary to Petitioner's assertion, Magistrate Judge Perkin explicitly noted Petitioner's concerns of Judge Means' potential biases against him. (Doc. no. 69, p. 9, note 5). Moreover, even withstanding Petitioner's allegations against Judge Means, the record is deplete of any constitutional violation which Petitioner experienced as a result of Judge Means' failure to recuse himself.

Second, Petitioner objects to Magistrate Judge Perkin's conclusion that Petitioner failed to appear in court for a scheduled hearing on January 7, 2005. As a condition of Petitioner's "Certification of Bail and Discharge," Petitioner was to appear in court whenever required. (Doc. no. 9, exh. H). Petitioner notes that he arrived late for his January 7, 2005 hearing, and that his "attorney, Todd Eisenberg, signed on his behalf." (Doc. no. 76, p. 1). Although Petitioner appears to construes a late arrival and attorney's signature on his behalf as a Court appearance, the Court agrees with Judge Perkin's conclusion that this behavior constituted a failure to appear.

Third, Petitioner contends that Magistrate Judge Perkin misconstrues 42 Pa. C.S.A. § 5505, and improperly concludes that Judge Means had jurisdiction to modify Petitioner's VOP sentence. (Doc. nos. 76, 77, 79). Pursuant to 42 Pa. C.S.A. § 5505, "the trial court has broad discretion to modify or rescind an order, and this power may be exercised sua sponte or invoked pursuant to a party's motion for reconsideration. However, the trial court may consider a motion for reconsideration only if the motion for reconsideration is filed within 30 days of the entry of the disputed order." The Court of Common Pleas of Philadelphia sentenced Petitioner for his VOP violations on September 11, 2007, and the Commonwealth motioned for modification on October 11, 2007. Petitioner argues that the sentencing court did not have jurisdiction to consider the Commonwealth's motion because it was untimely filed. It is true that "once the 30-day period

3

      2.    Petitioner's objections to the Report and Recommendation (doc. nos. 76, 77, 78, 79) are **OVERRULED**;

      3.    The Petition for Writ of Habeas Corpus, pursuant to

---

has expired . . . the trial court is without jurisdiction to alter or modify its order." Commonwealth v. Rohrer, 719 A.2d 1078, 1080 (Pa. Super. Ct. 1998).  In this case, the motion was filed on the 30th day and therefore, it was timely.  (Doc. No. CP-51-CR-0411601-2000, p. 19)

    Finally, Petitioner notes that he received an untimely copy of Judge Perkin's Report and Recommendation, and thus his time to file objections was hindered.  (Doc. no. 77).  Petitioner contends that he received a copy of Judge Perkin's Report, dated August 22, 2008, on August 28, 2008.  Pursuant to local rule of civil procedure 72.1(IV)(b), "any party may object to a magistrate judge's proposed findings, recommendations or report under 28 U.S.C. § 636(b)(1)(B) and subsections I(c) and (d) of this Rule within ten (10) days after being served a copy thereof."  E.D. PA. R. CIV. P. 72.1(IV)(b).  Accordingly, Petitioner would have had the opportunity to object to the Report and Recommendation through September 7, 2008.  Nonetheless, citing his late receipt of Magistrate Judge Perkin's report, Petitioner moved for an extension of time in which to file objections (doc. no. 73).  On September 3, 2008, the Court granted Petitioner a seven day extension to file his objections (doc. no. 74).  By September 11, 2008, Petitioner had filed four sets of objections to Judge Perkin's report (doc. nos. 76, 77, 78, 79).  Due to the ample time that Petitioner had to file objections and the sheer quantity of the objections filed, the Court rejects the notion that Petitioner was deprived of any opportunity to object to Judge Perkin's report.

                28 U.S.C. § 2254, (doc. no. 1) is **DENIED** and

           **DISMISSED**;


      4.   There is no probable cause to issue a Certificate

           of Appealability.[2]


**AND IT IS SO ORDERED.**

                       　s/Eduardo C. Robreno　
                  **EDUARDO C. ROBRENO, J.**

---

[2] A prisoner seeking a certificate of appealability must demonstrate "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).  No basis for a certificate of appealability exists in this case, as the petitioner is unable to meet this standard.